UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| TROY NORTON, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiffs,<br>v.<br><br>AMERICAN CORADIUS INTERNATIONAL LLC,<br><br>  Defendant. | Case No.: 18-cv-1214<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Troy Norton is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes.

5. Defendant American Coradius International, LLC ("ACI") is a foreign limited liability company with its principal offices located at 2420 Sweet Home Road, Ste 150, Amherst, New York 14228.

6. ACI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. ACI is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

8. ACI is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

9. On or around December 22, 2017, ACI mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "PayPal, Inc." ("PayPal). A copy of this letter is attached to this complaint as Exhibit A.

10. Upon information and belief, the alleged debt referenced in Exhibit A was incurred for personal, family, or household purposes.

11. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Upon information and belief, Exhibit A is a form debt collection letter, used by Defendant to attempt to collect alleged debts.

13. Upon information and belief, Exhibit A is the first written communication ACI mailed to Plaintiff regarding this alleged debt.

14. Exhibit A contains the statutory debt validation notice that the FDCPA, 15 U.S.C. § 1692g, requires debt collectors provide alleged debtors along with, or within five days of, the initial communication:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Exhibit A.

15. Exhibit A contains the following account information:

| Creditor | Original Creditor | Account # | Account Balance |
|---|---|---|---|
| PayPal, Inc. | PayPal, Inc. | ████9263 | $50.00 |

Exhibit A.

16. Exhibit A also contains the following "offer":

> At this time American Coradius International LLC (ACI), is willing to accept $37.51 to resolve the above referenced account. This offer requires that ACI receives your funds in the amount of $37.51 on or before 02/05/2018. Once your payment(s) have cleared, ACI and PayPal will cease all collection efforts. Please note, if at any time in the future you wish to resume business with PayPal, your remaining balance will have to be paid.

Exhibit A.

17. The unsophisticated consumer would understand that an offer to "resolve" an account is, in fact, an offer to settle the account. *See, e.g., Shields v. J.C. Christensen & Assocs.*, 2017 U.S. Dist. LEXIS 43039, at *7-8 (S.D. Ind. Mar. 24, 2017); *Lopera v. Midland Credit Mgmt.*, 2016 U.S. Dist. LEXIS 155960, at *12-13 (M.D. Fla. Nov. 10, 2016) (noting that consumers use the terms "resolve" and "settle" interchangeably).

18. Exhibit A purports to offer to settle the account for approximately 75% of the balance but, on its face, Exhibit A is confusing and misleading as to whether the "offer" would actually settle the debt.

19. Exhibit A informs the consumer that "ACI is willing to accept $37.51 to resolve the above referenced account," and that if this payment is received on or before February 5, 2018, "ACI and PayPal will cease all collection efforts," indicating that the payment would settle the debt.

20. However, Exhibit A also further informs the consumer that, "if at any time in the future you wish to resume business with PayPal, your remaining balance will have to be paid," indicating that payment would not actually settle the debt.

21. The statements taken together are contradictory and inherently false, deceptive, misleading, and confusing. Assuming the payment would actually resolve the account, there would

3

be no "remaining balance" that PayPal could require Plaintiff to pay. Assuming there was a "remaining balance" that Plaintiff still owed PayPal, the account would not actually be "resolved."

22. The consequences of misleading a consumer with respect to settling a debt are greater than misleading the consumer about the amount of the debt. A payment of the entire debt would leave pennies or, at most, a few dollars left over for payment later. *See eg. Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). Due to a few remaining dollars or cents of interest, however, ACI or PayPal could continue to collect the remaining balance of the alleged debt, plus any additional interest that had accrued.

23. Whether a payment would actually settle the debt is, by definition, a material term of a settlement offer and must be communicated clearly and effectively. *E.g., Nichols v. Northland Groups, Inc.*, 2006 U.S. Dist. LEXIS 15037, at *19 (N.D. Ill. Mar. 31, 2006) ("Requiring a clear statement of the settlement proposal, including the method by which the settlement amount is calculated, will not interfere with the debt collector's freedom to negotiate."); *Winiecki v. Creditors Interchange Receivable Mgmt., LLC*, 14 F. Supp. 3d 1086, 1093 (N.D. Ill. Jan. 27, 2014) ("It is not enough for a collection letter to state the elements required by the FDCPA; it must state the terms of the settlement offer 'clearly enough that [an unsophisticated consumer] is likely to understand it.'") (quoting *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004)); *Al v. Van Ru Credit Corp.*, 2018 U.S. Dist. LEXIS 70321, at *7-8 (E.D. Wis. Apr. 26, 2018) (in the context of settlement offers, "ambiguity itself can prove a violation.") (quoting *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 686-87 (7th Cir. 2017)); *see also, Smith v. Nat'l Enter. Sys., Inc.*, 2017 U.S. Dist. LEXIS 47701, at *13 (W.D. Okla. Mar. 30, 2017) (collection letter violated the FDCPA because "[a]ny consumer receiving the first letter would be left to wonder about a material term of the offer[.]"); *Dixon v. Law Office of J. Scott Watson P.C.*, 2018 U.S. Dist. LEXIS 18184, at *10-11

(E.D. Penn. Feb. 5, 2018) (settlement offer that specified initial installment amounts but left open the amount of later installments violated the FDCPA).

24. Plaintiff was deceived, misled, and confused by Exhibit A.

25. The unsophisticated consumer would be deceived, misled, and confused by Exhibit A.

26. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

27. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to obtain counsel on the consequences of Exhibit A.

### *The FDCPA*

28. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp. Solutions*, 2018 U.S. Dist. LEXIS 50016, *12, 2018 WL 1513043 (E.D. Wis. March 27, 2018); *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning'

debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

29. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

30. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. 15 U.S.C. § 1692e(2)(A) specifically prohibits "the character, amount, or legal status of any debt."

32. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

33. 15 U.S.C. § 1692g(a) provides that

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> (b) Disputed Debts
>
> . . .
>
> Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

7

## COUNT I - FDCPA

34. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

35. Exhibit A contains confusing and misleading representations about whether the offer to "resolve" the account would, in fact, settle the debt.

36. The confusion engendered by Exhibit A would intimidate the consumer and distract the consumer away from his validation rights.

37. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692g(b).

## CLASS ALLEGATIONS

38. Plaintiffs bring this action on behalf of a class consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the Complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) sent between August 6, 2017 and July August 6, 2018, inclusive, (e) that was not returned by the postal service.

39. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each class.

40. There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are whether Defendant complied with the FDCPA.

41. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

42. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

43. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

44. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: August 6, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com